UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEQUESTAS MARCQUEES MAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:25-cv-00716 |
| | ) |
| WKRN NEWS CHANNEL 2, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Dequestas Mayes, an inmate of the Sumner County Jail, has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 10), and a request for the status of this case. (Doc. No. 11). The case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, see 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 civil filing fee. Because Plaintiff's IFP application substantially complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, that application (Doc. No. 10) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, see id. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and

may be paid in installments over time via an assessment against his inmate trust account. Id. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim

2

upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

**B. Analysis of the Complaint**

Plaintiff sues WKRN News Channel 2 and "Officer Jane/John Doe" of the Sumner County Sheriff's Department, claiming a violation of his Fifth and Fourteenth Amendment rights. (Doc. No. 1 at 2–3). Plaintiff alleges that WKRN obtained an image of his mugshot from the Sheriff's Department and broadcast that image on television and Facebook, falsely reporting that he was involved in a shooting that occurred on the night of May 24, 2025, when Plaintiff was in jail. (Id. at 4–5; Doc. No. 1-1). As relief for the claimed "defamation of character" and violation of his constitutional rights, Plaintiff seeks an award of money damages. (Doc. No. 1 at 5).

3

A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014). Here, Plaintiff's bare allegation that WKRN—the privately owned ABC affiliate in Nashville—broadcast his mugshot after obtaining it from an unnamed officer within the Sumner County Sheriff's Office (Doc. No. 1-1) is insufficient to establish state action for purposes of Section 1983. See Hyde v. Tom S. Whitehead, Inc., No. A-22-CV-252-RP-SH, 2022 WL 1468325, at *3 (W.D. Tex. May 9, 2022), report and recommendation adopted, 2022 WL 3383036 (W.D. Tex. July 28, 2022) (finding allegation "that KWHI published [plaintiff's] mugshot at the immediate direction of the sheriff" to be insufficient to establish that KWHI is a state actor), aff'd, No. 22-50743, 2023 WL 3506485, at *2 (5th Cir. May 17, 2023) (finding that plaintiff failed to "sufficiently establish[] that KWHI, a radio station, is a state actor," because he "provide[d] only conclusory, unsubstantiated allegations of a KWHI-state conspiracy, which is insufficient to show non-state actor liability under § 1983").

Even if Plaintiff could be found to have plausibly alleged state action, his constitutional rights are not implicated by the broadcasting/posting of his mugshot. "In a § 1983 action, a claim for defamation does not demonstrate a violation of a constitutional right." Motes v. Oliver, No. CV 19-00766-KD-B, 2020 WL 1646637, at *2 (S.D. Ala. Mar. 4, 2020), report and recommendation adopted, 2020 WL 1644982 (S.D. Ala. Apr. 2, 2020) (citing Paul v. Davis, 424 U.S. 693, 711–12 (1976) (holding that interest in reputation alone is not a liberty or property interest entitled to the Constitution's due process protections)). A defamation claim arises under state law and "is not converted into a violation of the Constitution when the alleged defamation was committed by a state actor." Id. (citing, e.g., Paul, 424 U.S. at 695–99 (finding no

4

constitutional violation based on defamatory police department flyer depicting plaintiff's mugshot), and <u>Walker v. Atlanta Police Dep't Pub. Affairs Unit</u>, 322 F. App'x 809, 811 (11th Cir. 2009) (per curiam) (affirming dismissal of a § 1983 action as frivolous where constitutional claim was based on police department's news release misidentifying plaintiff as a murder suspect)).

"In limited circumstances," a plaintiff's right to procedural due process may be implicated where the plaintiff can show reputational injury from the defamation "plus the deprivation of another recognized property or liberty interest (the so-called stigma-plus test)." <u>Augustus v. Greene Cnty. Adult Prob. Dep't</u>, No. 3:22-CV-363, 2023 WL 2601755, at *3 (S.D. Ohio Feb. 27, 2023), <u>report and recommendation adopted</u>, 2023 WL 2600120 (S.D. Ohio Mar. 22, 2023) (citing <u>Doe v. Mich. Dep't. of State Police</u>, 490 F.3d 491, 501–02 (6th Cir. 2007) ("A successful plaintiff must therefore show that the state's action both damaged his or her reputation (the stigma) and that it 'deprived him or her of a right previously held under state law' (the plus).") (quoting <u>Paul</u>, 424 at 708)). In this case, the Complaint seeks an award of damages without specifying any injury resulting from the airing and posting of Plaintiff's mugshot. In a subsequent filing, Plaintiff alleges that he and his family have been shamed by their community, resulting in damage to Plaintiff's mental health. (Doc. No. 7 at 1). He also expresses fear that, when he is released from jail, he will not be able to get his previous job back or find other work due to the damage to his reputation. (<u>Id.</u> at 2). Finally, he fears retribution by the friends and family of the murder victim, some of whom are incarcerated with Plaintiff and have confronted him. (<u>Id.</u>). Even liberally construing this subsequent filing as a supplement to the Complaint, its allegations do not plausibly support any claim that WKRN's defamatory broadcast/posting of his mugshot resulted in injury to another recognized property or liberty interest conferred by state law.

In sum, Plaintiff's filings do not establish any plausible claim to relief under Section 1983. This case will therefore be dismissed.

### III. CONCLUSION

In light of the above explanation of the status of this case, Plaintiff's letter-request for the same (Doc. No. 11), construed here as a Motion to Ascertain Status, is **GRANTED**.

This action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), for failure to state a claim upon which relief may be granted under Section 1983. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

6